[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1122
The plaintiff Kenneth J. Costello, Jr. d/b/a New Riders Auto Body, is an autobody repair facility with a principal place of business at 93 Opal Street in Milford, Connecticut. In 1985 the plaintiff contracted to do restoration work on a 1975 Mercedes Benz automobile owned by Charles B. Allen (hereinafter "Allen"), who was then a resident of Connecticut and is now a resident of Florida. Allen made payments on account as the work progressed, but subsequent to the completion of the work and despite repeated demands he refused to pay the balance due of $1,750.00. The plaintiff thus exercised a mechanics lien and on January 14, 1987, gave notice to the Commissioner of Motor Vehicles pursuant to Connecticut General Statutes 49-61(b) of his intention to sell the automobile at auction to satisfy the outstanding debt.
On February 3, 1987, Allen, acting by his attorney, Joseph B. Ragozzine, filed an application with a judge of this court seeking dissolution of the mechanics lien upon the substitutional of a bond with surety, and rather than putting the court and Allen to the burden and expense of a hearing on said application, the plaintiff agreed to accept a bond in lieu of its lien. On February 6, 1987, Attorney Ragozzine presented the plaintiff with a surety bond executed by him on behalf of Allen and by Ralph Sylvester, the defendant herein, as surety, and in reliance thereon the plaintiff surrendered Allen's automobile to Attorney Ragozzine.
Allen not only appeared in the action subsequently commenced by the plaintiff, but in fact filed a counterclaim. When the matter was assigned for a hearing before a fact-finder, however, he failed to appear or to assist Attorney Ragozzine in CT Page 1123 any way in defense of the action or in prosecution of his counterclaim, and on November 20, 1990 the fact-finder issued his Findings of Fact and Award concluding that Allen was indebted to the plaintiff in the underlying sum of $1,750.00 with interest of $1,260.00 pursuant to the contract between the parties, for a total damage award of $3,010.00. On January 22, 1991, this Court (Fuller, J.) entered judgment against Allen on the fact-finder's report, awarding the plaintiff $3,010.00 plus costs. Subsequently, on February 13, 1991, the plaintiff filed a bill of costs totalling $140.80 to which no objection was filed.
Following the entry of judgment against him, demand was made on Allen by letter mailed to his last known address in Florida (with Attorney Ragozzine's approval), and by letter to Attorney Ragozzine, for payment of the judgment, but no payment was forthcoming. On April 16, 1991, the plaintiff thus sent a letter to Sylvester by certified mail, return receipt requested, notifying him of Allen's failure to pay the judgment and demanding satisfaction of the judgment to the extent of his bond. Sylvester never responded to the plaintiff's demand in any fashion, and consequently on September 30, 1991, this action was commenced against him seeking satisfaction of the judgment pursuant to the bond.
The issue upon which the Court has requested briefs, and apparently the only issue in dispute between the parties, is whether this suit is time-barred under C.G.S. 49-67, which provides that"
 [a]ny bond substituted for a lien under the provisions of sections 49-61 to 49-66, inclusive, shall be void unless an action is brought to recover thereon within one year from the date of such bond.
The surety was not made a party to this lawsuit within one year of the date of the original lien. The defendant wrote the bond as surety only. The bond is therefore void insofar as it placed any obligation on the surety because no action was commenced against the surety within one year of the date of the original lien.
This appears to be a case of first impression. The court cites, however, a case from the Judicial District of CT Page 1124 Danbury dated October 24, 1988 which is Noe v. Glaser, et al #0292427. The issue is presented in that case whereby the court determined that the statute was clear and uncompromising and the mechanics lien was declared void. The court can only presume of the legislative intent. It appears the legislature wanted to limit liability on the surety bond and place the limitations as described in the statute. It appears the court can only grant a strict interpretation and can find no valid reason to hold the surety on the bond. Again, the court declares the surety to be null and void and there is no liability on the surety.
THE COURT, PHILIP E. MANCINI, Jr. STATE REFEREE